**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Janet Saunders and
Peter Saunders

    v.                          Case No. 16-cv-222-JL
                                    Opinion No. 2016 DNH 143

First Magnus Financial
Corporation, et al.

**O R D E R**

In May 2016, Janet Saunders and Peter Saunders, proceeding pro se, filed suit against twenty-one defendants alleging a variety of claims.  Doc. no. 1.  The plaintiffs allege that completing service to all of the defendants has been difficult.  As a result, the plaintiffs now move, in three ex parte motions, to extend the time limit for service, "[d]irectly impose the costs of effecting service of process on certain [d]efendants[,]" and for the court to "[a]uthorize and order the appointment of the U.S. Marshals Service for purposes of effecting service of process on certain [d]efendants . . . ."  See doc. nos. 11, 12, 13.  The court construes plaintiffs' "Motion to Include and Attach Just Verified Information" (doc. no. 12) as an addendum to its Motion to Extend (doc. no. 11).

Federal Rule of Civil Procedure 4(m) states that "if the plaintiff shows good cause" for failing to timely serve defendants, "the court must extend the time for service for an appropriate period."  Good cause may be found

> when the plaintiff's failure to complete service in
> timely fashion is a result of the conduct of a third
> person, typically the process server, the defendant
> has evaded service of the process or engaged in
> misleading conduct, the plaintiff has acted
> diligently in trying to effect service or there are
> understandable mitigating circumstances, or the
> plaintiff is proceeding pro se or in forma pauperis.

4B Charles Alan Wright, Arthur R. Miller, Federal Practice and
Procedure § 1137 (4th ed. 2016).

Here, the plaintiffs who are proceeding pro se, have
demonstrated their efforts in effecting service to the many
defendants located around the country.  As such, the court
grants the plaintiffs' motion (doc. no. 11) only to the extent
that the time for service be extended to September 26, 2016.

In addition to extending the service deadline, the
plaintiffs move for fees incurred for serving the parties.
Under the Federal Rules, if a domestic defendant fails to sign
and return a waiver without good cause, the court must impose
expenses incurred in making service and reasonable expenses.
Fed. R. Civ. P. 4(d)(2).  Nevertheless, "[t]he plaintiff is
responsible for having the summons and complaint served within
the time allowed by Rule 4(m) and must furnish the necessary
copies to the person who makes service."  Fed. R. Civ. P. 4(c).
Thus, "[i]t is not this Court's chore to serve the named
defendants, nor do the defendants have an obligation to waive
service of process.  It is solely the plaintiff's obligation to

2

serve the defendants timely and properly." <u>Cooley v. Cornell Corr.</u>, 220 F.R.D. 171, 172 (D.R.I. 2004).  As such, the court denies the plaintiff's request for expenses incurred in making service without prejudice to renewing the motion after the extended service deadline.  Doc. no. 13.

The plaintiffs also request service be made by U.S. Marshal.  Ordering service by U.S. Marshal is generally discretionary and only mandatory when the plaintiff "is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."  Neither are applicable in this case.  Therefore, the court denies the plaintiffs' request to appoint U.S. Marshal to effect service.  Doc. no. 13.

The court instructs the clerk's office to remove the ex parte designations of the plaintiffs' motions (doc. nos. 11, 12, 13) and replace them as regular pleadings on the docket. The designation of these motions as ex parte is inappropriate since the plaintiffs have indicated they have sent copies of at least one of the motions to some of the defendants.  <u>See</u> doc. no. 12.

## Conclusion

The plaintiffs' motions (doc. nos. 11 and 12) are granted in part and denied in part as stated in this order.  The plaintiffs' motion (doc. no. 13) is denied.

SO ORDERED.

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

August 19, 2016

cc:  Janet Saunders, Pro Se
     Peter Saunders, Pro Se
     Scott C. Owens, Esq.
     Mary Ellen Manganelli, Esq.
     James L. Rogal, Esq.